### In re TERRELL'S ESTATE.
No. 59444-C.

County Judges' Court, Dade County.

August 25, 1964.

Abbott & Frumkes, Miami Beach, for the administrator.

Earl V. Riefas, for the claimant.

GEORGE T. CLARK, County Judge.

This matter is before the court upon the motion of the administrator to strike the claim of Mount Sinai Hospital of Greater Miami on the ground that the said claim was not timely filed. The creditors' period ended January 5, 1964, and said claim was not filed until July 7, 1964.

The claimant contends that it is not required to file a claim within the statutory period because it has a hospital lien under chapter 27032 of the General Laws of Florida of 1951, which was perfected by the filing of a claim of lien in the office of the clerk of the circuit court. The only asset of this estate is the proceeds of litigation. The said claim of lien relates to such proceeds.

Section 733.16(1)(b) of the Florida Statutes is in part as follows —

"Provided further, that the lien of any duly recorded mortgage and the lien of any person in possession of personal property and the right to foreclose and enforce such mortgage or lien shall not be impaired or affected by failure to file claim or demand as hereinabove provided, but such failure shall bar

the right to enforce any personal liability against the estate, and the claimant shall be limited to the enforcement of the mortgage or lien against the specific property so mortgaged or held. ***."

A hospital lien does not fall within either of the two classes of liens specified in the statute, which liens are enforceable against the property of an estate without the timely filing of a claim. It necessarily follows that a hospital lien falls in the same category as all liens other than those specified in the statute, and it can be enforced against the property of an estate only if a proper claim is filed within the time prescribed by section 733.16 of the Florida Statutes.

The trust fund theory to avoid the necessity for filing a claim within the creditors' period advanced by the claimant is not consistent with its claim of lien and is untenable in all respects.

It is therefore, ordered and adjudged that the motion to strike the claim of Mount Sinai Hospital of Greater Miami is granted, and said claim filed July 7, 1964 is stricken from the file in this matter.